WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dana Anspach, et al., | No. CV-13-01877-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| William Meyer, et al., | |
| Defendants. | |

Plaintiffs Anspach and Sensible Money, LLC have filed a motion for leave to amend the complaint. Doc. 40. The motion has been fully briefed. Docs. 43, 44. No party has requested oral argument. The Court will grant the motion.

**I.    Background.**

Plaintiffs have sued Defendants for allegedly defamatory actions and tortious interference with prospective economic advantage, among other claims. Doc. 1. Plaintiffs claim that Defendants sent defamatory letters to their business contacts and brought a defamatory suit against them in federal court in Kansas for violation of a confidentiality agreement (the "Kansas litigation"). Defendants Laner and Hazelton & Laner LLP ("Laner defendants") moved to dismiss Plaintiff's claims for lack of personal jurisdiction, and Defendants Meyer and Retiree, Inc. ("Meyer defendants") moved to dismiss under Rule 12(b)(6) or 12(b)(3). In a January 30, 2014 order, the Court denied the Laner defendants' motion and granted Defendants' motion to dismiss all claims based

on actions that occurred before March 8, 2012, the date on which Plaintiff's answer was filed in the Kansas litigation. The Court concluded that the claims were compulsory counterclaims that should have been brought in Kansas. Two letters to Apress Publishing and the New York Times that formed the basis for defamation claims against Defendants, however, post-dated Plaintiff's answer in the Kansas litigation. Claims based on those letters could not have accrued in time to make them compulsory counterclaims.

Plaintiffs seek to amend their complaint to remove the barred claims and to add facts concerning an allegedly defamatory letter sent on September 10, 2013, one month after the letters to Apress Publishing and the New York Times.

## II. Analysis.

The Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy in favor of leave to amend is not only be heeded, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), it must be applied with extreme liberality, *see Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 880 (9th Cir. 2001). Nevertheless, the motion for leave to amend may be denied "if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). The party seeking amendment bears the burden of showing that the amendment would not result in prejudice, delay or be futile. *Id.*

Defendants do not object to Plaintiffs' addition of facts alleging post-March 8, 2012 conduct, nor do they object to Plaintiffs' removal of claims against the Meyer defendants that pre-date March 8, 2012. Rather, Defendants appear to take issue with allegations concerning pre-March 8, 2012 conduct that Plaintiff has failed to remove from the amended complaint, but which do not form the basis for any of Plaintiff's claims. Defendants argue that under the Court's January 30, 2014 order, "Plaintiffs are barred from alleging pre-March 8, 2012 conduct against Meyer and Retiree" (Doc. 43 at 3) and the amendment should therefore be denied.

The Court dismissed all of Plaintiffs' claims based on letters and lawsuits filed

before March 8, 2012 (Doc. 33 at 12-13), but the Court did not order that all factual allegations in the complaint that reference pre-March 8, 2012 conduct be stricken. As Plaintiffs note in their reply, "[t]he proposed amended complaint clearly states in multiple paragraphs that the allegations regarding pre-March 2012 conduct do not serve as the basis for any of plaintiffs' claims against the Meyer defendants." Doc. 44 at 2. The Court will not reject an amended complaint because it contains superfluous allegations.[1]

**IT IS ORDERED** that Plaintiffs' motion to amend (Doc. 40) is **granted**. Plaintiffs shall file an amended complaint on or before April 14, 2014.

Dated this 7th day of April, 2014.

_____
David G. Campbell
United States District Judge

---

[1] In their reply, Plaintiffs argue that the allegations in the amended complaint that concern conduct prior to March 8, 2012 should stand because "although the court dismissed all claims against the *Meyer defendants* based on allegations that pre-date [] March 8, 2012, . . . the court did not dismiss any of plaintiffs' claims against the *lawyer defendants* based on those same allegations." Doc. 44 at 3 (emphasis added). Plaintiffs note that the Laner defendants did not move to dismiss these claims as compulsory counterclaims in the Kansas litigation, nor did they join in the Meyer defendants' motion to do so. While this may be technically accurate, it is not the basis for the Court's acceptance of Plaintiffs' amended complaint.

- 3 -