1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7               **FOR THE DISTRICT OF ARIZONA**

8

9    Dana Anspach, et al.,                    No. CV-13-01877-PHX-DGC

10                   Plaintiffs,              **ORDER**

11   v.

12   William Meyer, et al.,

13                   Defendants.

14

15        Plaintiffs and Defendant Retiree, Inc. are involved in litigation in the U.S. District

16   Court for the District of Kansas ("Kansas Action") for claims arising out of the same set

17   of facts at issue in this litigation.  Plaintiffs have filed a motion to enforce a settlement

18   agreement in this litigation or, in the alternative, to stay the case pending resolution of

19   post-judgment briefing and appeals in the Kansas Action.  Doc. 70.  The motion has been

20   fully briefed.  Docs. 71, 72.  The Court will deny Plaintiff's motion.[1]

21   **I.      Motion to Enforce.**

22        The "enforcement of [a] settlement agreement[] . . . [is] governed by general

23   contract principles."  *Donahoe v. Arpaio*, 872 F. Supp. 2d 900, 903 (D. Ariz. 2012) *aff'd*

24   *sub nom. Wilcox v. Arpaio*, 753 F.3d 872 (9th Cir. 2014) (citing *Emmons v. Sup. Ct. in*

25   *and for Cty. of Maricopa*, 968 P.2d 582, 585 (Ariz. Ct. App. 1998); *Hisel v. Upchurch*,

26

27

28        [1] The request for oral argument is denied because the issues have been fully
     briefed and oral argument will not aid the Court's decision.  *See* Fed. R. Civ. P. 78(b);
     *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1    797 F. Supp. 1509, 1517 (D. Ariz. 1992)).  In order to form an enforceable contract,

2    "there must be an offer, an acceptance, consideration, and sufficient specification of

3    terms so that the obligations involved can be ascertained."  *Donahoe*, 872 F. Supp. 2d at

4    903 (citing *Savoca Masonry Co., Inc. v. Homes & Son Const. Co., Inc.*, 542 P.2d 817,

5    819 (Ariz. 1975)).

6    On June 10, 2014, Plaintiff's counsel made an offer of settlement that included a

7    mutual release that excepted "any claim/defense related to the Kansas case."  Doc. 70-2

8    at 4.  On June 18, 2014, Defendants' counsel emailed Plaintiffs' counsel that he was

9    "authorized to accept plaintiff's settlement offer" and that he would draft a formal

10   settlement agreement including "Mutual Releases excepting the Kansas Action."  *Id*. at 2.

11   Subsequent communications make clear that the parties now disagree on the scope of the

12   "Kansas exception" and what precisely was meant by Plaintiffs' offer that the mutual

13   releases not include any claim or defense "related to" the Kansas Action.

14   Even if the Court were to find that the parties intended to be bound by the emails,

15   Plaintiffs' offer could not form an enforceable contract.  A contract must include

16   "sufficient specification of terms so that the obligations involved can be ascertained."

17   *Donahoe*, 872 F. Supp. 2d at 903.  The email exchange did not specify the precise nature

18   of the claims associated with the Kansas Action that would and would not be released,

19   and that is the point on which the parties now disagree.  Given this lack of clarity as to a

20   material term of the agreement, the Court cannot find that the parties' emails were

21   specific enough to form an enforceable contract.

22   **II.     Motion to Stay.**

23   Plaintiffs ask the Court to stay this case pending resolution of their post-judgment

24   briefing and appeal in the Kansas Action.  Doc. 70.  The Court has discretion "to control

25   the disposition of the causes on its docket," including staying a case in front of it "in a

26   manner which will promote economy of time and effort for itself, for counsel, and for

27   litigants."  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

28   The Court will not stay this case.  Plaintiffs argue that resolution of the Kansas

1    Action will impact this case, but Plaintiffs knew that when they filed this action.  Doc. 70

2    at 7.  The Court will not delay resolution of this case for what could be a lengthy post-

3    trial and appeal process in the Kansas Action, particularly when Defendants have

4    prevailed in the Kansas Action and should not be forced to delay resolution of this second

5    lawsuit while Plaintiffs try to set aside the trial court's ruling in Kansas.

6    **III.      Request for Settlement Talks Before Magistrate Judge Burns.**

7          Defendants ask the Court to order the parties to engage in settlement talks with a

8    magistrate judge.  Because only one party has requested this, the Court will not order the

9    parties to submit to settlement talks.

10         **IT IS ORDERED** that Defendants' motion to enforce settlement and request for a

11   stay (Doc. 70) is **denied**.

12         Dated this 27th day of August, 2014.

13

14

15

16   _____

     David G. Campbell
17   United States District Judge

18

19

20

21

22

23

24

25

26

27

28

- 3 -